UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:03-00078 |
| | ) | JUDGE CAMPBELL |
| JESSIE RIVERA | ) | |

## ORDER

Pending before the Court is the Defendant's Motion For Nunc Pro Tunc Judgment And Sentence (Docket No. 158), and the Government's Response (Docket No. 162) thereto. Through the Motion, the Defendant requests that the Court reduce his sentence because one of his prior convictions should not have been counted as a predicate offense for Career Offender purposes.

On July 13, 2004, the Defendant pled guilty to charges alleging drug trafficking and firearms violations. (Docket Nos. 102, 141). The Court subsequently sentenced the Defendant as a Career Offender to a total term of 420 months of imprisonment. (Docket No. 133, 137). The Sixth Circuit affirmed. (Docket Nos. 135, 144).

On January 22, 2007, the Defendant filed a Motion to Vacate (Docket Nos. 1, 2 in Case No. 3:07-00086). The Defendant argued, among other things, that the Court erred in determining that he should be sentenced as a Career Offender. The Court ruled on the sentencing issue as follows:

> Petitioner next argues that the Court erred in determining that he should be sentenced as a career offender because his prior conviction was actually for possession and not distribution, and involved cocaine powder rather than cocaine base.
>
> At the sentencing hearing, the Court found that the following convictions

counted toward Petitioner's career offender status: (1) an April 13, 1992 California conviction (offense date of February 13, 1992) of possession of cocaine base for resale; (2) an August 11, 1993 California conviction (offense date of June 27, 1993) of possession or purchase of a controlled substance for resale; and (3) a January 7, 2000 Tennessee conviction (offense date of April 8, 1999) for facilitation. (Id., at 41; Presentence Investigation Report at ¶¶ 57, 59, 61 (Docket No. 136); Sentencing Hearing Exhibits 1- 4 (attached to Docket No. 132)).

During the sentencing hearing, Petitioner's counsel argued that Petitioner's prior April 13, 1992 conviction was a misdemeanor and not a felony because the actual sentence imposed was less than one year. (Transcript of Sentencing Hearing, at 29-34 (Docket No. 137 in Case No. 3:03-00078)). The Government argued that the statutory penalty for the crime charged exceeded one year, and that the actual sentence imposed did not convert the offense from a felony to a misdemeanor under the Sentencing Guidelines. (Id., at 29-35). The Court found that the prior conviction was a felony. (Id., at 35-36, 43).

Petitioner does not offer any proof to support his claim that the first conviction involved powder cocaine, rather than cocaine base, nor does he explain why it would have made any difference in the Court's determination that the conviction was a felony and was appropriately counted toward career offender status. As for Petitioner's argument that the prior convictions were actually for "possession," he again offers no proof that the convictions were actually for simple possession or were otherwise misdemeanors, nor has he explained why they should not have been counted toward career offender status.

Petitioner simply offers no new arguments as to why the Court's sentencing determination was in error. The Court notes that the Sixth Circuit, on appeal, held that Petitioner was properly sentenced as a career offender, and that his other claims regarding his sentence were without merit. (Order, at 2-3 (Docket No. 144 in Case No. 3:03-00078)).

Accordingly, the Court concludes that Petitioner's sentencing claims are without merit and are dismissed.

(Docket No. 8, at 7-8, in Case No. 3:07-00086).

On March 26, 2013, the Defendant filed a Motion For Relief From Judgment (Docket No. 14 in Case No. 3:07-00086) based on Rule 60 of the Federal Rules of Civil Procedure.

Through the Motion, the Defendant again argued that his April 13, 1992 California conviction should not have been counted as a predicate offence for Career Offender purposes. The Court construed the Motion as a second or successive habeas petition and transferred it to the Sixth Circuit for authorization to proceed. (Docket No. 23 in Case No. 3:07-00086). The Sixth Circuit denied authorization. (Docket No. 35 in Case No. 3:07-00086).

Through the pending Motion, the Defendant again argues that he should not have been sentenced as a Career Offender, and has filed numerous documents regarding his prior California convictions.

A district court has the authority to alter a sentence only in certain narrow circumstances: (1) to correct a "clear error" within fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). This case does not fall within any of these categories.

To the extent the Defendant requests relief under Rule 60(b) of the Federal Rules of Civil Procedure, he has failed to cite any authority indicating that the rule provides a basis for amending a judgment in a *criminal* case. In any event, the Defendant was found to have three qualifying convictions supporting his Career Offender status, which requires only two qualifying

convictions. U.S.S.G. § 4B1.1. The Defendant's submissions do not indicate that the August 11, 1993 California conviction or the January 7, 2000 Tennessee conviction were improperly considered as predicate offenses. Accordingly, the Defendant's Motion is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE