# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:03-cr-00078** |
| | ) | |
| **JESSIE RIVERA** | ) | **JUDGE CAMPBELL** |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's *pro se* motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 198) and motion to appoint counsel (Doc. No. 201). Because it is apparent that the motion should be denied, the Court did not order a response, and the Government did not file one.

A district court generally "lacks authority to modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statue, 18 U.S.C. § 3582(c)(1)(A), is one exception. The statute gives the district court discretion to reduce a term of imprisonment if three criteria are met: (1) extraordinary and compelling reasons for a reduction; (2) consistent with applicable policy statements issued by the Sentencing Commission; and (3) consideration of applicable § 3553(a) factors. A district court "may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021); *see also, United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) ("A court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction.").

1

Defendant argues a reduction in sentence is warranted because, if sentenced today, he would not qualify as a career offender, and his sentence would be significantly lower. He relies upon the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(b)(6), which would allow a court to consider changes in the law when the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, and the change in the law would produce a gross disparity between the sentencing being served and the sentencing likely to be imposed. The Sixth Circuit has held that this policy statement is invalid. *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025); *petition for cert. filed*, Case No. 25-81 (U.S. Jul. 18, 2025). Accordingly, unusually long sentences and changes in the law are not currently a viable basis for granting a motion for compassionate release in the Sixth Circuit. *See also*, U.S.S.G. § 1B1.13(c) ("a change in the law shall not be considered for purposes of determining whether an extraordinary and compelling reason exists").

Therefore, Defendant's motion for a reduction in sentence on that basis (Doc. No. 198) is **DENIED**. Defendant's motion for appointment of counsel (Doc. No. 201) is also **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE